Caldwell, Ch.
delivered the opinion of the court.
This court concur with the circuit decree in the construction of the w-ill of William Long, deceased, that his children take a vested transmissible interest in his estate, to take effect in possession on the death of his widow; that the assignment of Benjamin Long (one of the children) of his undivided interest in the personal estate of his father, under the Act of 1788, to Samuel W. Bentley, who had had him arrested under a ca. sa. was valid; and that the subsequent sale of the same interest under the senior judgments and executions .against Long, by the sheriff to Bentley, was void.
But this court differs from the circuit decree, as to Bent *52 ley’s right to relief; he paid the sheriff five hundred dollars, which has been applied to older judgments and executions against Long. Bentley’s claim is that of a junior creditor, who has paid prior debts, and he must be substituted in the place of the senior creditors, and subrogated to all their rights.
The judgment creditors of Long have already done all that can be done at law, to establish and secure then rights, and this court alone possessed the power to enable them to pursue the equitable interest of the debtor, in the hands of the tenant for life, or of those who have possession of the property, with knowledge of the rights of the remaindermen, so as to subject it to these claims when the life estate falls in. Kennedy, ex’or. Simons et ux. et al. Dud. Eq. R. 141. An account must be taken between Bentley and Long, to ascertain what the former has received on his own execution, and what he has paid to the sheriff on the senior judgments and executions, (which must stand for his benefit,) the balance to be re-imbursed to him out of Long’s undivided interest in his father’s estate.
The tenant for life of personal property, or one that purchases from him, with a knowledge of the estate in remainder, is a trustee for the remainderman; but before security for the forthcoming of the property at the termination of the life estate, will be required, the remainderman must have reasonable grounds to apprehend the loss or removal of the property, or that his rights are in danger; otherwise, only a schedule of the property will be ordered to be given.
James Long, one of the remaindermen, and of the defendants, has purchased his mother’s life estate ; the defendants have partitioned the property, which consisted principally of negroes, among themselves, without apportioning any part to either of the plaintiffs; the defendants now hold in severalty the negroes ; they resist the plaintiffs’ claims, and in the language of one of the answers, stand upon their rights ; several of the defendants have removed out of the State, and have taken a large number of the negroes with them. These acts of the defendants are sufficient to shew that the plaintiffs’ rights are not only in danger, but that a loss has already been sustained by the removal of part of the property beyond the jurisdiction.
The case of Cordes vs. Ardrain, 1 Hill Ch. R. 157, and others, is analagous ; there a creditor of the legatee, who was in possession of the slaves' bequeathed to him, (with a limitation over to his surviving brothers and sisters,) levied an execution on two slaves, and sold his life estate in them. Ardrain purchased them with notice — the remaindermen be *53 came fearful .that all the slaves in the same situation, (the legatee being in debt and embarrassed,) might be sold and scattered over the country, or carried beyond the State, and insisted on having their interests secured, and that the slaves should be produced and delivered on the ' event’s accruing which would entitle them to the possession; the court said that it had been “ the constant course to require security for the production of the slaves at the termination of the life estate, or any other contingency, when .the rights of the remainderman spring up, whenever these rights appear to be in danger,” and granted the relief.
Mrs. Long, the mother, has executed the power under the will, of apportioning off such part of the estate as she could spare, by delivering the slave Reuben to William Long, and the slave Laura to Amassa Ezell and Caroline his wife; these slaves are therefore vested absolutely in them — they must account for the value of their respective slaves, on the final distribution of the estate.
It is ordered and decreed, that the part of the circuit decree that dismisses the bill as to Bentley, and rescinds the previous orders requiring the defendants to give security for the negroes in their possession, (except the two slaves Reuben and Laura,) and orders the bonds or other securities made or entered into, in pursuance of such orders, to be delivered up and cancelled, be reversed — that the parts of the cirquit decree inconsistent with this opinion, be modified by it, and that the other parts be affirmed.
Harper, Ch. Johnston, Ch. and Dunkin, Ci-i. concurred.

Decree modified.